John David BARTH, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12710.

Court of Criminal Appeals of Oklahoma.

April 8, 1959.

James M. Springer, Jr., Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

John David Barth, hereinafter referred to as the defendant, was charged in the county court of Payne County with the crime of driving a motor vehicle while under the influence of intoxicating liquor. He was tried before a jury who found the de-fendant guilty and assessed his punishment at 180 days in the county jail and to pay a fine of $250.

The defendant advances two assignments of error and also contends the punishment was excessive.

Defendant's first contention arises from the court's failure to sustain a challenge to the entire jury panel. The record reflects that the defendant made an oral motion challenging the entire jury panel upon the grounds and for the reason that during the time the panel had been present in the courtroom, the county attorney had on his desk in view of the jury panel, an intoximeter box. Defendant claimed that the intoximeter box was for the sole purpose of influencing and prejudicing the minds of the jury, upon the defendant, said intoximeter box having never been introduced into evidence or made any part of the case.

 The trial court overruled the motion in the following language:

"By the Court: The County Attorney is directed to remove the intoximeter box, which now is found on top of the counsel table, and keep it out of view of the jury panel. The Court observes that the wording on the box is so small that it is extremely unlikely that the same could be identified as an intoximeter box by any member of the jury panel or that it was connected with this particular case. The motion is overruled.

"By Mr. Springer: Exception. I would like to now inquire of the Assistant County Attorney in which case this intoximeter is intended to be used, if in any case at all.

"By Mr. Schott: In the case of John David Barth.

"By Mr. Springer: All right. Comes now the defendant and renews his motion upon the statement of the Assistant County Attorney, A. J. Schott.

"By the Court: Overruled.

"By Mr. Springer: Exception."

The court is unable to conclude that the defendant was prejudiced as to justify reversal. The record is clear that the box was not labeled in such letters as to identify it as an intoximeter box and the court fails to see how the defendant's rights were substantially violated had the jury known it to be such an apparatus. That it was to be used in connection with the case at bar was brought out by defense counsel upon inquiry of the county attorney. During the course of the trial the machine was exhibited to the jury without objection. We feel the contention of the defendant in this regard is without merit.

■ Defendant next complains of the court's refusal to sustain a motion for a mistrial upon utterances by the county attorney in his opening statement. The remarks complained of are as follows:

"The evidence will show that he was across the center line several times; that he was up to the wrong side of the road in a no passing zone; that he was off the shoulder of the road and that he was in violation of a number of rules driving."

To this language defense counsel excepted and the court thereupon made the following statement to the jury:

"Members of the jury, of course this defendant is on trial only for the specific offense charged in the information; that is to say for drunk driving and that is the only type of evidence that should be considered, that is anything that may tend to show whether or not he was guilty of the offense of drunk driving or more accurately, operating a motor vehicle while under the influence of intoxicating liquor."

To say this constituted error would be perverting justice with exceedingly fine technicalities. No doubt the county attorney was attempting to relate the proof to be offered as to defendant's driving irregularities which justified the officers in stopping defendant's vehicle to make a check. The county attorney is not only justified but it is his duty to produce testimony to justify the officers' pursuit of a motorist. If he went too far in saying that defendant was guilty of other violations of driving rules, it was certainly cured by the court's admonition to the jury.

■ The defendant next claims that the punishment was excessive. In this connection there is shown by the record a strenuous conflict in the testimony all of which created a question for the determination of the jury. This court has abided by the rule that we are not charged with the responsibility of weighing the evidence as does the trial court and the jury but we do determine whether there exists any competent evidence, however conflicting or disputed, to sustain findings of the trial court or jury. Such is the case at bar. The jury chose to believe the testimony of the officers that was sufficient to justify their verdict, instead of defense witness which if believed, would have justified an acquittal.

■ The punishment assessed appears on its face to be above average but a review of the record reflects that defendant had plead guilty in the same court on two previous occasions to drunk driving. The jury no doubt felt that defendant should be confined for a sufficient time to be cured of his costly habit. The court, however, feels that in view of the confinement of 180 days, the judgment and sentence of the trial court should be modified as to eliminate the fine of $250. The judgment and sentence is affirmed except for the modification set out above.

POWELL, P. J., and BRETT, J., concur.